COVINGTON, Judge.
This appeal was taken by the defendant, Timothy Asberry, for consideration of one assignment of error, whether he received an excessive sentence in violation of La. Const.1974, Art. 1, Sec. 20.
The defendant was charged by grand jury indictment, with the crime of negligent homicide in violation of LSA-R.S. 14:32. To this charge, Asberry pled guilty. The trial judge sentenced him to serve three years at hard labor with the Louisiana Department of Corrections.
On the evening of January 17, 1983, Timothy Asberry, twenty-two years of age, was a guest in the home of his sister. The defendant, his sister and defendant’s twelve year old nephew were playing cards when they got into an argument about school grades. During the argument, As-berry obtained a .410 gauge shotgun, pointed the weapon at the youth, ordered him to be quiet, and shot the victim in the chest, killing him instantly. Asberry said that he did not know the gun was loaded. The defendant turned himself in; and, subsequently, after Boykinzation, pled guilty to the offense.
The maximum sentence which can be imposed for a violation of LSA-R.S. 14:32 is imprisonment at hard labor for five years and a fine of five thousand dollars. As stated, the penalty actually imposed was three years, a term somewhat shorter than the maximum assessable penalty. The defendant was also taxed for costs in the amount of $82.00 and he was credited with time served.
The trial judge has wide discretion, though not unbridled, in the imposition of a sentence within statutory limits, State v. Sepulvado, 367 So.2d 762 (La.1979); and given compliance with the sentencing criteria of LSA-C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982). The penalty imposed must not be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
We do not consider the penalty imposed in the instant case so disproportionate to the crime committed as to shock our sense of justice. The defendant, while involved in a minor family argument with an adolescent, aimed a shotgun at the youth and pulled the trigger, causing the death of the victim.
A review of the record in the case reveals that the trial judge carefully particularized the sentence, considering each and every mitigating and aggravating factor as set out in LSA-C.Cr.P. art. 894.1 with respect to Asberry. The judge noted that he was twenty-two years old and unmarried; that he had a ninth grade education and worked as a bus boy in a restaurant. The judge further noted that he pled guilty to the crime, had not been previously convicted of any crime, voluntarily surrendered to the police and was remorseful for the crime.
The defendant alleges further that the trial judge did not adequately consider the sentencing guidelines of Article 894.1. The record reflects that the trial judge considered a pre-sentence report, the defendant’s personal history, that the defendant was a first offender and that he showed remorse for his crime. The trial judge felt that the defendant had shown “grossly antisocial behavior” and that he was in need of correctional treatment or a custodial environment that could be best provided by institutionalization. In summation, the record shows that the trial judge’s articulation of reasons for sentence are more than adequate to meet the statu *1355 tory criteria. See State v. Calloway, 432 So.2d 1064 (La.App. 3rd Cir.1983).
The defendant has not made a strong case for probation or a lesser sentence. The record shows a need to impose a sentence of incarceration in this case in order to prevent further depreciation of respect for law. The trial judge’s statement of his sentencing reasons was sufficient justification of his choice of penalty. The trial judge acted within the ambit of his constitutional and statutory authority in imposing the sentence.
This assignment of error is without merit.
We affirm the sentence.
AFFIRMED.