583 So.2d 516 (1991)
STATE of Louisiana, Appellee,
v.
Cornell Lorenzo McFERSON, Appellant.
No. Cr 90-1074.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
Rehearing Denied August 6, 1991.
Writ Denied November 1, 1991.
*517 Susan E. Skidmore, Leesville, for appellant.
Asa A. Skinner, Asst. Dist. Atty., Leesville, for appellee.
Before DOMENGEAUX, C.J., and FORET and DOUCET, JJ.
FORET, Judge.
Defendant, Cornell McFerson, was convicted of negligent homicide, a violation of La. R.S. 14:32, by a unanimous jury of six persons and sentenced to three years at hard labor. McFerson now appeals his conviction, asserting five assignments as error.

FACTS
On the evening of October 1, 1989, McFerson and three of his buddies went to a nightclub in Natchitoches called the "Blue Room." The four men, who were all enlisted in the Army and stationed at Fort Polk, consumed alcoholic beverages on the way from Leesville. McFerson brought a .38 caliber revolver with him inside the bar because he had words with two gentlemen in the parking lot.
*518 At approximately 1:30 A.M., the 21-year-old victim, Patrice Clifton, was killed by a bullet which struck her in the back of the head while she was visiting some friends at the nightclub. After an extensive investigation, McFerson was arrested and gave a voluntary written statement to the local authorities admitting that while pulling the gun out of one pocket to put it in the front of his pants, someone bumped him, causing the gun to discharge. The four men left the nightclub after the shooting, even though one of McFerson's buddies informed him that the bullet struck the victim.

ASSIGNMENT OF ERROR NO. 1
By his first assignment of error, McFerson contends that the trial court erred in denying his motion for mistrial made as a result of an allegedly prejudicial remark by a juror in the presence of the other jurors. The juror had stated, in response to defense counsel's question, that a person would be guilty of a crime if he went into an alcoholic beverage establishment with a gun and for some reason the gun discharged and someone was killed.
After an objection to this response by defense counsel, the judge admonished the jury and explained that the fact that someone is dead does not necessarily mean that someone is guilty of homicide and that all of the elements of a crime must be present.
McFerson contends that his right to a fair trial was prejudiced due to the trial court's failure to grant a mistrial. The trial court has great discretion in determining whether to grant a mistrial or admonish a jury. La.C.Cr.P. arts. 771, 775. A mistrial is a drastic remedy warranted only when the prejudicial conduct makes it impossible for a defendant to obtain a fair trial. The denial of a mistrial will not be disturbed absent an abuse of discretion. See State v. Smith, 418 So.2d 515 (La. 1982); State v. Austin, 470 So.2d 406 (La. App. 3 Cir.1985).
We find no error on the part of the trial court in admonishing the jury rather than granting a mistrial and thus, we find no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 2
By McFerson's second assignment of error, he contends that the trial court erred in denying his pre-trial motion for a continuance based upon the prosecution's failure to provide exculpatory and favorable Brady material during discovery. He claims that he was denied his right to prepare for trial because he did not receive the written statements of two (2) State's witnesses until five (5) days before trial.
La.C.Cr.P. art. 718, the relevant discovery rule regarding exculpatory evidence, is intended to eliminate unwarranted prejudice which could arise from surprise testimony. State v. Toomer, 395 So.2d 1320 (La.1981). Both of these witnesses testified at trial and were cross-examined by counsel for defendant. They testified that Alice Robinson, the woman seated next to the defendant at the time of the shooting, was handed the gun by a black male and that the gun discharged as she was returning the weapon.
The defendant received the signed statements of these two witnesses five days prior to trial. The statements were not introduced as evidence at trial, and the defendant had adequate time to prepare for the cross-examination of these witnesses.
McFerson contends that if he had received the statements earlier, he could have proven that another black male handed Alice Robinson a gun before it discharged. This theory is inconsistent with both the defendant's statement, in which he states that he was holding the gun when it discharged, and Alice Robinson's testimony, that she saw the defendant handle the weapon, did not touch it, and that she had gotten up to tell the security police that he had a gun in his possession when it discharged. If we are to believe defendant's statement, we find it highly unlikely, as did the jury, that Alice had a black male on either side of her, both with weapons which accidently discharged. We find no error on behalf of the trial court in denying defendant's pre-trial motion to continue and find no merit in this assignment of error.

*519 ASSIGNMENT OF ERROR NO. 3
By his third assignment of error, McFerson contends that the trial court erred in denying his objection to evidence of other crimes. Testimony was allowed regarding another individual who was injured by the bullet which was fired from the gun which the defendant held. He submits that because the bullet which killed the victim also grazed another individual, the trial court committed prejudicial error when testimony concerning the other crime of negligent injury to that individual was allowed.
McFerson was not charged with any crime other than negligent homicide, and the testimony regarding the other injury forms part of the actual criminal event. The testimony about the bullet grazing another individual before it struck the victim was introduced solely to show the line of fire from where McFerson was sitting to the location where the victim was struck.
The trial court correctly denied McFerson's objection to this evidence, and this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 4
By his fourth assignment of error, McFerson contends that the trial court erred when it overruled his motion for a post-verdict judgment of acquittal. A post-verdict judgment of acquittal should be granted only if the court finds that the evidence, viewed in the light most favorable to the State, does not reasonably permit a finding of guilt. La.C.Cr.P. art. 821(B).
Negligent homicide is the killing of a human being by criminal negligence. La.R.S. 14:32. Criminal negligence exists when there is such disregard for the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances. La.R.S. 14:12.
The evidence reflects that McFerson brought a friend's loaded gun into a crowded bar and it discharged, killing an innocent victim, when he pulled the gun out of his pants pocket. The evidence also shows that McFerson was drinking when this took place and that he had no legitimate reason for bringing the gun into the bar.
We find, as did the jury, that there was more than sufficient evidence to justify a finding that McFerson killed the victim, and that his actions amounted to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under similar circumstances. McFerson gave a voluntary written statement to the local authorities, admitting that he brought a gun inside the bar and that, while pulling the gun out of one pocket to put it in the front of his pants, someone bumped him, causing the gun to discharge. We cannot fathom a greater disregard for the safety of others than handling a loaded gun in a crowded barroom.
It took the jury only twenty-five minutes to conclude that each and every element of the crime of negligent homicide was in fact proven beyond a reasonable doubt. The question of credibility is within the sound discretion of the trier of fact. Factual determinations of the jury are entitled to great weight and will not be disturbed unless contrary to the evidence. The appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983).
When the above evidence is considered in the light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that McFerson killed the victim while acting below the standard of care expected to be maintained by a reasonably careful person under similar circumstances.
Based upon the foregoing, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 5
By McFerson's fifth assignment of error, he contends that the trial court erred by imposing a sentence upon him which is excessive. The statutory sentencing range for negligent homicide is imprisonment, with or without hard labor, for not more *520 than five years and a fine of not more than $5,000, or both. La.R.S. 14:32.
Prior to sentencing defendant to three years at hard labor, the trial judge reviewed a pre-sentence investigation report prepared at his request, which contained both aggravating and mitigating factors. The judge specifically referred to this report and other factors when he pronounced sentence. The trial judge was aware of the fact that this was McFerson's first conviction. He specifically considered the fact that McFerson is nineteen years old and that he is serving in the United States Army in which he has been noted to be a good worker for the past one and one-half years. The judge also considered several letters which McFerson submitted stating that he was a conscientious, good worker and all around person of notable character. While the trial judge had no doubt that McFerson was "a good man," he felt that "guns, whiskey, and honkey tonks are a deadly formula." As such, we find no abuse of the sentencing court's discretion. Therefore, this assignment of error lacks merit.
We have reviewed the record for errors patent and have found none.

CONCLUSION
Based upon the foregoing, the conviction and sentence of Cornell Lorenzo McFerson are affirmed.
AFFIRMED.