973 So.2d 141 (2007)
STATE of Louisiana, Appellee,
v.
Jackie Otis LLOYD, Appellant.
No. 42,793-KA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
*142 Spencer Hays, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Andrew C. Jacobs, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART and GASKINS, JJ.
*143 GASKINS, J.
Originally charged with manslaughter in the shooting death of his brother, the defendant, Jackie Otis Lloyd, pled guilty to negligent homicide. He was sentenced to five years at hard labor with all but three years suspended and with supervised probation for the last two years of the sentence. The defendant appeals his sentence as excessive. We affirm.

FACTS
On September 4, 2006, the defendant and his brother, Kenneth Lloyd, were at a family gathering when a verbal dispute arose between them. As the defendant and his family were leaving the event, the brother threw a stepladder which broke out the rear window of the defendant's truck. The defendant armed himself with a gun from his vehicle. He pointed the gun at his brother and shot him in the chest. The defendant claimed that it was an accident. The brother died.
The defendant was originally charged with manslaughter. Pursuant to a plea bargain, the defendant was allowed to plead guilty to an amended charge of negligent homicide. The trial court ordered a presentence investigation (PSI) report.
At a sentencing hearing, the mother of the defendant and the victim testified that the defendant lived with her and was gainfully employed. She stated that he financially supported her and the victim's children, who also lived with her. She, the victim's daughter, and the defendant's wife all testified that the defendant's incarceration would cause great hardship to their family. The defense introduced letters requesting leniency.
The trial court sentenced the defendant to five years at hard labor, all but three years of which was suspended. The court also imposed active supervised probation for two years.
The defendant's timely motion to reconsider sentence was denied. This appeal followed.

LAW
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App.2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981) State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 *144 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La. App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Shirley, 41,608 (La. App.2d Cir.12/13/06), 945 So.2d 267; State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9120/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. June, 38,440 (La. App.2d Cir.5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280, writ denied, XXXX-XXXX (La.9/24/04), 882 So.2d 1165.
Deterrence is a legitimate sentencing object, State v. Howard, 262 La. 270, 263 So.2d 32 (1972), even though a defendant has demonstrated efforts to reform. State v. Tully, 430 So.2d 124 (La. App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983); State v. Dagenhart, 39,874 (La.App.2d Cir.8/17/05), 908 So.2d 1237, writ denied, 2005-2421 (La.4/24/06), 926 So.2d 539.
The original charge of manslaughter carried a sentencing exposure of up to 40 years at hard labor. The amended charge to which the defendant was allowed to plead, negligent homicide, has a potential penalty of imprisonment with or without hard labor for not more than five years, a fine of not more than $5,000, or both.

DISCUSSION
The defendant argues that the trial court failed to give adequate consideration to the accidental nature of the incident, his work history, and his family's need for his financial support. He contends that the trial court should have suspended the entire sentence.
Before imposing sentence, the trial court articulated its reasons. It expressed great concern about the "volatile combination" of guns and alcohol. The court focused on the defendant's use of a dangerous weapon while under the influence of alcohol and the ensuing loss of his own brother's life. In mitigation, the trial court considered the 31-year old defendant's status as a first felony offender, his remorse, and his work history. However, the court found that a lesser sentence would deprecate the seriousness of the offense.
Negligent homicide is the killing of a human being by criminal negligence. La. R.S. 14:32. Criminal negligence exists when there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances. La. R.S. 14:12. The trial *145 judge was appropriately concerned that the defendant armed himself with a dangerous weapon designed to kill, intentional conduct reflecting a gross disregard for the safety of others.
We note that the defendant received great benefit from the plea bargain which reduced his sentencing exposure from a maximum of 40 years to five years. Also, we find the sentence is not out of line with similar cases. In State v. McFerson, 583 So.2d 516 (La.App. 3d Cir.1991), writ denied, 588 So.2d 113 (La.1991), the defendant brought a gun to a nightclub and while moving the gun from his pants pocket to the front of his pants, someone bumped the defendant and the gun went off, killing the victim. The defendant was convicted of negligent homicide and sentenced to three years at hard labor. In that case, the sentencing judge found that 19-year old McFerson was "a good man" with no criminal history but nonetheless, concluded that "guns, whiskey, and honkey tonks are a deadly formula."[1]
We find that the trial court was within its discretion in imposing the sentence given in this case. The sentence is tailored to both the offender and the offense and does not shock the sense of justice.
This assignment of error lacks merit.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] We note that, according to the PSI report, the defendant in the instant case had a misdemeanor criminal history.