981 So.2d 819 (2008)
STATE of Louisiana, Appellee,
v.
Lawanna L. HOLLINS, Appellant.
No. 43,168-KA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 2008.
*821 Jones & Charles by E. Roland Charles, for Appellant.
Jerry L. Jones, District Attorney, Neal G. Johnson, Assistant District Attorney, for Appellee.
Before GASKINS, CARAWAY and PEATROSS, JJ.
GASKINS, J.
The defendant, Lawanna L. Hollins, pled guilty to cruelty to a juvenile due to the serious, life-threatening injuries that she inflicted on her infant son. The trial court sentenced her to 10 years at hard labor; it also ordered the defendant to have no future contact with the child. The defendant now appeals, claiming that her sentence is excessive. We affirm the defendant's conviction. We amend her sentence to provide that she have no contact with the child while he is a juvenile; as amended, the sentence is affirmed.

FACTS
In January 2005, the 18-year-old defendant's three-month-old son was taken to St. Francis Medical Center in Monroe; examination revealed that the child had bite marks on both arms and fractures to his upper and lower left leg, upper right arm, and left collarbone, as well as bilateral rib fractures. The child also had bilateral hematomas to the brain. He was subsequently transferred to LSU Medical Center in Shreveport where he underwent emergency surgery for bleeding on the brain.
The police investigated the child's injuries. The doctors treating the child indicated that his injuries were at various stages of healing. The two brain hematomas appeared to have occurred at different times. Dr. Ann Springer, a treating physician and a child abuse expert, opined that the baby exhibited symptoms of "shaken baby syndrome." The defendant, who was the child's primary caregiver, was arrested and charged with second degree cruelty to a juvenile.
Pursuant to a plea agreement, the defendant pled guilty to cruelty to a juvenile *822 in July 2006. The trial court ordered a presentence investigation (PSI) report. In August 2006, the defendant and the victim's father had a second child.
A sentencing hearing was held on October 9, 2006. Testimony was given by a foster care worker and a Court Appointed Special Advocate ("CASA") representative. The foster care worker testified that she was working toward placing custody of the victim with his biological father, who had custody of the second child. The victim was in trial placement with the father. She noted that the father had violated a case plan stipulation that he end his relationship with the defendant. The CASA representative expressed concerns about the father's relationship with the defendant and the possibility that he was allowing her to visit with the victim without supervision.
The defendant was sentenced on February 22, 2007. Prior to sentencing, the trial court denied the defendant's motion to withdraw her guilty plea. The trial court imposed a sentence of 10 years at hard labor. It also directed that the defendant have no future contact with the victim.[1]
The defendant filed two pro se motions for reduction of sentence.[2] She also requested, in pro se filings, that the trial court order her participation in an intensive incarceration program. She asserted that the offense arose as a result of her youth, lack of child care knowledge, and depression. All of her motions were ultimately denied.
In an out-of-time appeal, the defendant argues that her sentence is excessive.

LAW
The defendant complains that her sentence was not imposed in accord with the Louisiana Sentencing Guidelines and was excessive. As this court noted in State v. Brown, 41,883 (La.App.2d Cir.4/4/07), 956 So.2d 53, and State v. Martin, 40,150 (La. App.2d Cir.9/21/05), 911 So.2d 917, the Louisiana Sentencing Guidelines were repealed by Acts 1995, No. 942, § 3, effective August 15, 1995, and La. C. Cr. P. art. 894.1 was amended and reenacted by Act 942 to provide the sentencing guidelines now in effect.[3]State v. Lennon, 95-0402 (La.App. 4th Cir.9/15/95), 661 So.2d 1047, writ denied, 95-3004 (La.3/22/96), 669 So.2d 1222, cert. denied, 519 U.S. 855, 117 S.Ct. 152, 136 L.Ed.2d 97 (1996).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d *823 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57, and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La. App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La. App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A substantial advantage obtained by means of a plea bargain, such as a reduction of charge where the evidence shows that the defendant was guilty of a more serious offense, is a legitimate consideration in sentencing. State v. Burgess, 42,310 (La.App.2d Cir.9/12/07), 965 So.2d 621.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Woods, 41,420 (La.App.2d Cir.11/1/06), 942 So.2d 658, writs denied, 2006-2768 and 2006-2781 (La.6/22/07), 959 So.2d 494; State v. Brisco, 33,179 (La. App.2d Cir.4/5/00), 756 So.2d 644, writ denied, XXXX-XXXX (La.5/25/01), 792 So.2d 749; State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Lloyd, 42,793 (La. App.2d Cir.12/5/07), 973 So.2d 141. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App.2d Cir. 1/28/04),6 865 So.2d 280, writ denied, XXXX-XXXX (La.9/24/04), 882 So.2d 1165.

DISCUSSION
The defendant argues that the sentence of 10 years at hard labor was excessive. She contends that the court should have given more consideration to her youthful age and lack of child care knowledge; she also claims that her actions were due to depression.
*824 Before imposing sentence, the trial court considered information from the PSI report and the files of the Office of Community Services, as well as the testimony presented at the sentencing hearing. The court noted the defendant's attempts to cast blame for the victim's injuries on relatives she claimed had kept him. In reviewing the enumerated factors of La. C. Cr. P. art. 894.1, the court concluded that there was an undue risk that the defendant would commit another crime during a suspended sentence. It observed that she had given birth to another child with the same father, and it was unwilling to jeopardize "any more children under this lady's hand." The court found that the defendant was in need of correctional treatment or a custodial environment most effectively provided by her commitment to an institution, and a lesser sentence would deprecate the seriousness of her crime.
In considering the aggravating factors, the trial court found that the defendant's actions manifested deliberate cruelty to a defenseless infant, who will likely suffer the aftereffects of this abuse for the rest of his life. Medical professionals determined that the injuries occurred over time and were not the result of a single incident. The court emphasized that the helpless victim  "a child beaten and broken to the point of death"  was intentionally abused and tortured basically since birth.
In mitigation, the court found that the defendant had no criminal history. She was 18 years old at the time the abuse occurred. She was in the 12th grade when she was arrested and had not completed high school. While she was released on bond, she was employed at two restaurants.
Several relatives gave statements of support for the defendant, asserting that she had improved due to parenting classes and counseling. However, the court noted the defendant's prior attempts to callously blame the victim's injuries on relatives, as well as the failure of any relative to speak up on behalf of the infant victim. The court also took cognizance of the tremendous benefit the defendant obtained from the plea bargain, which reduced her sentencing exposure from a maximum term of imprisonment of 40 years at hard labor for second degree cruelty to a juvenile to 10 years, with or without hard labor, for cruelty to a juvenile. La. R.S. 14:93.2.3; La. R.S. 14:93.
Given the heinous nature of the offense and the severe life-threatening injuries sustained by the victim, the trial court concluded that a sentence of incarceration was appropriate. Finding that this case involved the worst offense and offender, it imposed the maximum sentence available, 10 years at heard labor.
A review of the record shows that the trial court fully complied with the provisions of La. C. Cr. P. art. 894.1. After thoroughly considering both the aggravating and mitigating factors, it found that the aggravating factors greatly outweighed the mitigating ones. We agree.
Additionally, the sentence imposed by the trial court is not grossly disproportionate to the seriousness of the offense committed, nor does it constitute needless infliction of pain and suffering. The defendant was given a substantial reduction in sentencing exposure through the plea agreement, which decreased the maximum possible sentence from 40 years to only 10 years. The facts in this case indicate that the defendant is, in fact, one of the worst offenders. Accordingly, we hold that the trial court did not abuse its discretion, and the sentence of imprisonment for 10 years at hard labor is not constitutionally excessive.
*825 La. R.S. 14:93(C) states that the "trial judge shall have the authority to issue any necessary orders to protect the safety of the child during the pendency of the criminal action and beyond its conclusion." Thus, the trial court's order precluding the defendant from having contact with the child falls within its discretion as bestowed by the statute. Given the grievous facts of this case, such an order protecting a minor victim from the person who harmed him was appropriate. See, e.g., In the Interest of M.S., 1999-2190 (La.App. 4th Cir.6/23/00), 768 So.2d 628, 632, in which the court found that a mother's conviction for cruelty to a juvenile was sufficient proof to involuntarily terminate her parental rights. However, we amend the order prohibiting the defendant from having any future contact with the victim to be effective only while the victim is a juvenile.
We affirm the defendant's conviction as amended.

CONCLUSION
The defendant's conviction is affirmed. Her sentence is amended to provide that she have no contact with the victim while he is a juvenile; as amended, the sentence is affirmed.
CONVICTION AFFIRMED. SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The court further requested that the Office of Community Services initiate proceedings to terminate the defendant's parental rights to the victim and that it not permanently place the child with the father.
[2] On July 25, 2007, the trial court signed an order denying the defendant's first request that her sentence be amended. The trial court found that the motion was untimely.
[3] We note that defense counsel in the instant case was also the counsel for the defendant in State v. Martin, supra. As we likewise warned in State v. Cook, 43,236 (La.App.2d Cir.4/30/08), rendered also this date, we strongly suggest counsel to take note of the repeal of the Louisiana Sentencing Guidelines in future appeals. Again, we observe that counsel needs to carefully edit his appellate brief in order to avoid use of any "canned language" that does not apply to the instant case.