MOORE, J.
 

 I,Howard Cobb was indicted, by separate bills, for aggravated rape of a victim under the age of 13, La. R.S. 14:42 A(4), and molestation of a juvenile with incidents occurring over a period of more than one year, La. R.S. 14:81.2 D, and charged by bill of information with 38 counts of pornography involving juveniles, La. R.S. 14:81.1. Pursuant to a plea agreement, he pled guilty to forcible rape, La. R.S. 14:42.1, molestation of a juvenile and one count of pornography involving juveniles; the district court sentenced him to 40 years, 20 years and 5 years respectively, all at hard labor and to run concurrently. Cobb now appeals his sentences as excessive; we affirm.
 

 According to the presentence investigation (“PSI”) report, in June 2007, the 58-year-old Cobb’s granddaughter reported to her grandmother, from whom Cobb had been divorced for 30 years, that Cobb showed her a picture of his genitals on his cell phone. At the sheriffs office, the granddaughter added that Cobb had shown her pornographic pictures on his home computer and exposed himself to her while swimming. A search of Cobb’s house uncovered 38 photos of underage girls, various sex toys and porn movies, and computer images of nude teenage girls, apparently downloaded from the Internet.
 

 The investigation led to four girls between the ages of 10 and 17. These victims told the Springhill Police that Cobb, a friend of their families, had been hiring them to clean his house, during which time he showed them sex toys, took nude pictures of them, exposed himself to them and engaged two of them in oral and vaginal sex. The 10-year-old victim stated that |2Cobb first had sex with her when she was 9; the 17-year-old victim said this first happened to her when she was 11. One victim confirmed that 25 of the photos were of her; another identified herself in 13 photos, but said she did not recall when they were taken because Cobb had given her so much alcohol that she passed out.
 

 Cobb told the agent who prepared the PSI that he would take the girls to buy school supplies or give them money to get something to eat. He admitted having oral sex with a girl under the age of 13, but said he did not want to hurt them anymore. At his
 
 Boykin
 
 hearing, he stated, “I just want to do the right thing, sir.”
 

 By motion to reconsider sentence and now on appeal, Cobb urges the district court failed to give adequate consideration to his age and clean criminal record; the lack of evidence that he inflicted any physical harm or enduring psychological harm on any victim; and his need of rehabilitation for an obvious sexual addiction. He submits that a noncustodial environment, involving probation with extended monitoring for his addiction, would have been more appropriate for 58-year-old first-time offender.
 

 A punishment is constitutionally excessive under La. Const. Art. 1, § 20, if it makes no measurable contribution to acceptable penal goals, is nothing more than a purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Robinson,
 
 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379. The sentencing court is required to | stake cognizance of the guidelines of La. C. Cr. P. art. 894.1, but is not required to give specific matters any particular weight at sentencing.
 
 State v. Jones,
 
 33,111 (La.App. 2 Cir. 3/1/00), 754
 
 *929
 
 So.2d 392,
 
 writ denied,
 
 2000-1467 (La.2/2/01), 783 So.2d 385. The benefit accruing from a favorable plea bargain will often justify the imposition of even the maximum sentence for the offense of conviction.
 
 State v. Guzman,
 
 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. Hollins,
 
 43,168 (La.App. 2 Cir. 4/30/08), 981 So.2d 819.
 

 The district court correctly stated Cobb’s age and first-felony status, but found that these mitigating factors paled beside the enormity of his misconduct: “You had sexual intercourse on at least more than one occasion with victims that were under the age of 13.” The court also noted that this offense, as defined in R.S. 14:42 A(4), carried a possible death penalty until the recent case of
 
 Kennedy v. Louisiana,
 
 — U.S. -, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008), which reduced it to mandatory life on federal grounds. The benefit of the plea bargain, which lowered Cobb’s exposure from death or life in prison to 40 years at hard labor for forcible rape, fully supports the maximum sentence imposed. The dismissal of 37 counts of pornography involving juveniles was another significant benefit. Although the aggregate sentence of 40 years at hard labor appears not to address the goal of rehabilitation, and may well be a life sentence for a 58-year-old defendant, we cannot say that it was an abuse of the district court’s discretion or a violation of Cobb’s constitutional rights. The assigned error lacks merit.
 

 14We have reviewed the entire record and found nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For these reasons, Howard Cobb’s convictions and sentences are affirmed.
 

 AFFIRMED.