**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-1006**


STATE OF LOUISIANA

VERSUS

JASMINE FRANCIS a/k/a JASS FAULK


\*\*\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 112,211
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*


**JIMMIE C. PETERS
JUDGE**


\*\*\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Jimmie C. Peters and J. David Painter, Judges.

**AFFIRMED.**

**William T. Babin
Assistant District Attorney
Fifteenth Judicial District
P. O. Box 3306
Lafayette, LA 70502
(337) 232-5170
COUNSEL FOR APPELLEE:**
        State of Louisiana

**Carey J. Ellis, III
Louisiana Appellate Project
P. O. Box 719
Rayville, LA 71269
(318) 728-2043
COUNSEL FOR DEFENDANT/APPELLANT:**
        Jasmine Francis a/k/a Jass Faulk

PETERS, J.

A grand jury charged the defendant, Jasmine Francis (a/k/a Jass Faulk), with the offense of aggravated rape, a violation of La.R.S. 14:42, and aggravated burglary, a violation of La.R.S. 14:60. Subsequent to being indicted by the grand jury, and pursuant to a plea agreement with the State of Louisiana, the defendant plead guilty to forcible rape, a violation of La.R.S. 14:42.1. In exchange for his plea to the lesser offense, the state dismissed the aggravated burglary charge. The trial court then sentenced the defendant to serve forty years at hard labor without benefit of parole, probation, or suspension of sentence. After the trial court rejected his motion to reconsider the sentence imposed, the defendant perfected this appeal, asserting only that the sentence imposed is excessive. For the following reasons, we affirm the sentence in all respects.

The underlying facts giving rise to this appeal are not in dispute. On May 15, 2006, the defendant raped, both vaginally and anally, his fourteen-year-old victim. At the time of the offense, the defendant was nineteen years of age.

At the sentencing hearing, the evidence presented painted a bleak picture of the defendant's background. He is from a broken home and has had little or no contact with his father. The responsibility for raising him fell on his mother, who suffers from a heart condition, schizophrenia, and depression. Additionally, she is confined to a wheelchair because one of her legs has been amputated. Her schizophrenia and depression have been life-long problems, and she was taking medication for those conditions while pregnant with the defendant. Both the defendant's father and two older brothers have a history of incarceration for various offenses. The defendant's academic record reflects that he failed a number of grades and ceased attending school while he was in the ninth grade. Despite his young age, the defendant has fathered three children, none of whom live with him. He also acknowledges using

illegal drugs. The defendant participated in the Baton Rouge, Louisiana Youth Challenge program for six months, but was not allowed to continue because his mother forgot to complete and return the appropriate paperwork within the time frame required by the program. His efforts to join the United States Armed Forces were doomed to failure because he could not pass the entrance test. He did, however, remain gainfully employed with a moving company for approximately three years.

Dr. Craig Forsyth, professor of sociology and criminal justice at the University of Louisiana at Lafayette, Louisiana, testified at the sentencing hearing and provided most of the information related above. With regard to the defendant's medical history, Dr. Forsyth referred to portions of a report by a Dr. Brennan,[1] who is not specifically identified in the record and whose report was not made a part of the record. However, Dr. Forsyth testified that Dr. Brennan concluded that the defendant suffers from seizures, with the last recorded seizure occurring when the defendant was sixteen years of age. According to the report, the defendant was prescribed medication to control the seizures. Additionally, according to Dr. Forsyth, schizophrenia is hereditary, but the records he examined did not reflect that the defendant had ever been examined for the disorder.

Dr. Forsyth interviewed the defendant and found him to be slow and passive in communicating with others. According to Dr. Forsyth, the defendant's borderline intelligence and failure in school, his growing up in poverty, his passive nature, the poor role models in his life, and the lack of parental supervision all combined to make him subject to the negative influence of those with whom he became associated. In his opinion, the defendant needed an opportunity to obtain job and life skills and to address his mental health issues rather than to have the legal system "throw him away

---

[1]Dr. Brennan did not testify at the sentencing hearing.

2

just like his parents did." He suggested that most children who are given the opportunity to rehabilitate themselves will begin changing their behavior for the better when they reach twenty-nine or thirty years of age.

In sentencing the defendant, the trial court stated the following:

> Mr. Francis, in mitigation, you admitted to your drug use. In aggravation, you brutally raped, vaginally and anally, a fourteen (14) year old girl. It was a severe impact to her. She was only fourteen (14) at the time. She resisted to the utmost.
>
> You had the benefit of a plea bargain down from aggravated rape, which was an indictment by the grand jury. The victim has continued to live in fear and has attempted suicide twice.
>
> You're a first offender, but you have a history of violent crime. You do have a misdemeanor battery conviction. Looking at all the circumstances of the case, anything less than a severe hard labor sentence would deprecate the seriousness of the offense.

In sentencing the defendant to forty years at hard labor without the benefit of probation, parole, or suspension of sentence, the trial court sentenced him to the maximum sentence that may be imposed for forcible rape. La.R.S. 14:42.1(B). "As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender." *State v. Hall*, 35,151, p. 4 (La.App. 2 Cir. 9/26/01), 796 So.2d 164, 169. This rule would be persuasive in this matter had the offense charged been that of forcible rape. Instead, as pointed out by the trial court in its reasons for sentencing, the underlying charge of aggravated rape is supported by the evidence, and the defendant benefitted from the plea agreement in that aggravated rape carries a mandatory sentence of life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. La.R.S. 14:42(D).[2]

---

[2]The trial court failed to mention that the defendant also benefitted by the dismissal of the aggravated burglary charge which provides for a hard labor sentence of not less than one nor more than thirty years. La.R.S. 14:60.

> The relevant question on review of a sentence is whether the trial court whether the trial court abused its broad sentencing discretion and not whether the sentence imposed may appear harsh or whether another sentence might be more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). To constitute an excessive sentence, this court must find the penalty imposed is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals; and, therefore, it is nothing more than needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96); 670 So.2d 713.

*State v. Boudreaux*, 00-1467, p. 12 (La.App. 3 Cir. 4/4/01), 782 So.2d 1194, 1201, *writ denied*, 01-1369 (La. 3/28/02), 812 So.2d 645 (quoting *State v. Dubroc*, 99-730, p. 22 (La.App. 3 Cir. 12/15/99), 755 So.2d 297, 311).

On appeal, the defendant contends that the maximum forty-year sentence was severe for this first felony offender in light of the mitigating facts discussed at sentencing. Also, the defendant stresses that Dr. Brennan failed to appear for testimony at sentencing, resulting in the trial court's refusal to allow his report to be admitted into evidence. The defendant, however, does not claim that the trial court erred in refusing to admit the report.

In a similar case, *State v. Cobb*, 43,910, 43,911, 43,912 (La.App. 2 Cir. 2/25/09), 6 So.3d 927, the fifty-eight-year-old defendant, a first felony offender who was charged with aggravated rape, pled guilty to the lesser offense of forcible rape, and was sentenced to forty years at hard labor. The trial court noted that the defendant had sexual intercourse on more than one occasion with the victims who were under thirteen years of age. The trial court also considered the benefit of the plea bargain, which lowered the defendant's exposure from life in prison to forty years at hard labor. The plea bargain also resulted in the dismissal of thirty-seven

4

counts of pornography involving juveniles. On appeal, the court found that although the sentence did not appear to address the goal of rehabilitation and might be a life sentence for the defendant, it concluded that it was not an abuse of the trial court's discretion or a violation of the defendant's constitutional rights.

Additionally, in *State v. Vallery*, 04-1589 (La.App. 3 Cir. 4/6/05), 899 So.2d 836, the defendant pled guilty to forcible rape when the facts fully supported the original charge of aggravated rape. In affirming the maximum sentence, this court referred to *State v. Lanclos*, 419 So.2d 475 (La.1982), wherein the supreme court held that the defendant's guilty plea to a lesser offense did not adequately describe the first time offender's conduct, thus, the trial court did not abuse its discretion in imposing the maximum sentence. This court also noted significant benefit by virtue of the defendant's plea agreement which reduced his sentence exposure from a minimum of life imprisonment to a maximum of forty years imprisonment.

The sentence imposed in this matter is within statutory limits. Given the underlying facts as well as the mitigating and aggravating circumstances set forth in the record, we do not find that it is grossly disproportionate to the severity of the offense. Although the defendant is a youthful first felony offender with low intelligence and no family support, the brutality of the offense and the pain suffered by the victim clearly supports the original charge of aggravated rape. In fact, the suffering caused to the victim is irreparable. We find no abuse of discretion in the trial court's imposition of sentence.

## DISPOSITION

We affirm the defendant's sentence in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.

5