# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 19-263


STATE OF LOUISIANA

VERSUS

JESSE E. DUCOTE A/K/A JESSE DUCOTE


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2018-CR-205930-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and Candyce G. Perret, Judges.


**AFFIRMED.**

**George L. Higgins, III**
**P. O. Box 3370**
**Pineville, LA 71361-3370**
**Telephone: (318) 473-4250**
**COUNSEL FOR:**
    **Defendant/Appellant – Jesse E. Ducote a/k/a Jesse Ducote**


**Charles A. Riddle, III**
**District Attorney – Twelfth Judicial District**
**P. O. Box 1200**
**Marksville, LA 71351**
**Telephone: (318) 253-6587**
**COUNSEL FOR:**
    **Plaintiff/Appellee – State of Louisiana**

**Anthony F. Salario**
**First Assistant District Attorney**
**439 North Main Street**
**Marksville, LA 71351**
**Telephone:  (318) 240-7123**
**COUNSEL FOR:**
      **Plaintiff/Appellee – State of Louisiana**

**THIBODEAUX, Chief Judge.**

Defendant, Jesse Ducote, was indicted for one count of negligent homicide of Jake Ducote in violation of La.R.S. 14:32. On the day set for trial, he entered a plea of guilty, and the trial court ordered a Pre-Sentence Investigation Report (PSI). Following the sentencing hearing, Jesse[1] was sentenced to the maximum of five years imprisonment. He filed a motion to reconsider sentence alleging that the sentence was excessive. A resentencing hearing was conducted, and the five-year sentence was affirmed.

On appeal, Jesse asserts that the maximum sentence is excessive and should be reduced. For the following reasons, this court affirms the five-year sentence.

I.

## ISSUES

We must decide whether the trial court abused its discretion in sentencing Jesse Ducote to the maximum sentence of five years in the Louisiana Department of Corrections for the crime of negligent homicide.

II.

## FACTS AND PROCEDURAL HISTORY

On November 21, 2017, Jesse spent the day with his good friend Jake. The two young men ran various errands together, which included shooting an AR-15 rifle recently purchased by Jesse at a gun show. Some time that evening, Jesse arrived at the home Jake shared with his girlfriend Mallory Lambert. While Jake

---

[1]For the sake of clarity, Defendant, Jesse Ducote, will hereafter be referred to as Jesse, and the victim, Jake Ducote, will be referred to as Jake.

was sitting in the living room, Jesse went outside to his truck and took out the gun which he and Jake had shot earlier that day. The gun fired, and a bullet went through the window, hitting and killing Jake. Ms. Lambert was standing in the kitchen when she heard the gunshot and Jesse screaming to call 911. Initially, Jesse stated that the gun fell out of his truck and accidentally discharged. However, Jesse eventually admitted that he and Jake were "goofing off" through the window, and believing that the gun was unloaded, Jesse pointed the gun at Jake and pulled the trigger.

The Avoyelles Parish Sheriff's Office conducted an investigation of the incident, and arrested Jesse for the negligent homicide of Jake. A grand jury returned a true bill of indictment charging Jesse with one count of negligent homicide, after which he entered a plea of not guilty. On the day trial was set to begin, Jesse withdrew his plea and entered a plea of guilty to the offense of negligent homicide. The court ordered a PSI and remanded Jesse for sentencing. At the sentencing hearing, the trial court reviewed the PSI, letters received on behalf of Jesse, letters from Jake's family, and the police report. The trial court sentenced Jesse to serve five years in the custody of the Louisiana Department of Corrections with credit for time served since November 21, 2017. Jesse filed a motion to reconsider the sentence. The trial court held a hearing on the matter and affirmed the five-year sentence. Jesse now appeals the sentence as excessive.

## LAW AND DISCUSSION

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, this court finds no errors patent.

## EXCESSIVE SENTENCE CLAIM

In his sole assignment of error, Jesse contends that his five-year sentence is excessive and should be reduced. Jesse pled guilty to one count of negligent homicide. The possible penalty for negligent homicide is imprisonment with or without hard labor for not more than five years, and/or a fine of not more than $5,000.00. La.R.S. 14:32(C). Thus, Jesse received the maximum sentence prescribed by La.R.S. 14:32.

This court has previously discussed the proper analysis for excessiveness claims and stated:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of [a] sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-

2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

Additionally, "the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes." *State v. Soileau*, 13-770, 13-771, p. 5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261 (citing *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183).

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 [, 3](La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 [, p. 2] (La. 5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The trial court gave extensive reasons for the sentence it imposed, and reviewed the following in preparation for its sentencing:

1)      letters from family and friends in support of Jesse,

2)      a letter from Jesse,

3)      letters from family and friends of Jake,

4)      the file of the Avoyelles Parish District Attorney Office,

5)      the PSI,

4

6)     statutory law,

7)     negligent homicide cases reviewed by our courts, and

8)     recommendations on sentencing in the PSI.

The trial court considered each mitigating and aggravating factor set out in La.Code Crim.P. art 894.1 with respect to Jesse. The judge noted that Jesse's conduct manifested deliberate cruelty to Jake, involved violence and a dangerous weapon, and resulted in the permanent loss of Jake's life. Additionally, Jesse knowingly created a risk of death or great bodily harm to more than one person by pointing the rifle at Jake while Ms. Lambert was nearby. In contrast, none of the mitigating factors specifically applied to Jesse.

After considering all the factors, the trial court determined there was "no reason to justify this type of behavior, especially with such a dangerous weapon. This gross deviation of the standard of care resulted in the loss of a life to a young man who had no reason to die." Therefore, the trial court found a five-year sentence was appropriate.

Viewing the reasons for sentencing in light of the three factors listed in *Lisotta* and *Soileau*, we cannot say the trial court abused its broad sentencing discretion. The nature of the offense is clearly serious, as it is a form of homicide. The trial court recognized that maximum sentences are imposed only in the most serious of cases, and any such sentence should not shock the sense of justice. The trial court opined that,

> the pointing of an AR-15 at an individual for any purpose is a gross deviation of the standard of care of a reasonable person. This gross deviation becomes magnified by aiming the gun towards someone, placing the finger on the trigger and pulling the trigger, even if under the belief that the gun was unloaded.

Furthermore, the trial court expressly stated that this case was the most serious type of negligent homicide as it involved pointing a high-powered rifle at another person. Therefore, we find the circumstances of this case justified imposing the maximum sentence.

As to the nature of the offender, the trial court noted that Jesse had prior misdemeanor charges, although he did not have any convictions. One set of charges resulted in pre-trial intervention, and another resulted in a deferred sentence. He was arrested while on pre-trial intervention. Additionally, Jesse was arrested on a charge of flight from an officer one month before his plea in this case, but no formal charge was filed.

Regarding the sentencing in similar cases, the trial court also made a detailed review. On appeal, Jesse notes two accidental shooting cases cited by the trial court, *State v. Asberry*, 451 So.2d 1353 (La.App. 1 Cir. 1984) and *State v. McFerson*, 583 So.2d 516 (La.App. 3 Cir.), *writ denied*, 588 So.2d 113 (La.1991). The defendant in each of these cases received three-year sentences, and Jesse infers that he should receive a three-year sentence as well. We find that *Asberry* is analogous to the present case. In that case, the defendant shot a child with a weapon he thought was unloaded. Though Jesse similarly does not have any criminal convictions, he does have misdemeanor arrests for which leniency was shown.

Likewise, *McFerson* is also distinguishable and supports a sentence longer than three years in the present case. The opinion in *McFerson* suggests the defendant did not pull the trigger of his weapon; the discharge appeared to have been caused by impact in a crowded bar. Here, Jesse admitted to pulling the

6

trigger. The deliberate and conscious action of pulling the trigger substantiates imposing the maximum sentence.

The trial court also cited *State v. Rachal*, 97-642 (La.App. 3 Cir. 10/29/97), 703 So.2d 678, *writ denied*, 97-2978 (La. 3/27/98), 716 So.2d 884. In that case, the trial court focused on the fact that the defendant's crime resulted in the taking of a human life and the instrumentality of death was a gun. This court upheld the five-year sentence, observing that parole would be available to the defendant, and that benefit could be considered in determining whether the sentence was excessive. In the present case, the court specifically informed Jesse that diminution of sentence is available. Further, parole appears to be available pursuant to La.R.S. 14:32(C)(1). After careful review, we find that the three *Lisotta* factors support the five-year sentence in this case.

The trial court cited the settled maxim that maximum sentences are reserved for the worst offenses, and it found that such a situation existed in this case. We find that this characterization is reasonable. The offense at issue is the worst type of negligent homicide. Jesse Ducote violated several steps of firearm safety during the course of conduct that led to the killing of his friend Jake. Jesse failed to ensure that the rifle was unloaded. He claimed to have cleared the weapon but acknowledged that he failed to ensure that the safety was engaged. Moreover, he took the two deadliest steps of pointing the rifle at his friend and pulling the trigger. At the hearing on the motion to reconsider sentence, Jesse testified and described his actions with the rifle as "goofing off with it." The present case is a classic, albeit tragic, illustration that firearms are dangerous instruments and must not be "goofed with." While the trial court noted that Jesse

7

is a "good young man," his clear disregard for firearm safety shows him to be the worst kind of offender in the context of negligent homicide.

Under these circumstances, we find that the five-year sentence is not so grossly disproportionate to the severity of the crime as to shock our sense of justice, nor is it a needless imposition of pain and suffering. Therefore, Jesse was properly the subject of a maximum sentence.

V.

## CONCLUSION

For the foregoing reasons, we find the five-year maximum sentence for negligent homicide is not excessive. Accordingly, this court affirms Jesse Ducote's sentence.

**AFFIRMED.**