LOLLEY, J.
| t This criminal appeal arises from the 26th Judicial District Court, Parish of Webster, State of Louisiana. Samuel D. Bass entered a guilty plea to the offense of driving while intoxicated, third offense, a *112 violation of La. R.S. 14:98(D). He was sentenced to five years at hard labor, 30 days to be served without benefit of parole, which Bass now appeals. For the following reasons, we affirm Bass’s conviction and amend his sentence to delete a condition of parole, but otherwise affirm the sentence.
Facts
Bass was arrested for having a blood-alcohol content level of .137 grams percentage of alcohol after he was stopped by police officers for traveling 83 mph in a 70 mph zone on an interstate highway. By bill of information, Bass was charged with driving while intoxicated, fourth offense but ultimately pleaded guilty to the lesser offense of driving while intoxicated, third offense. The trial court ordered the preparation of a presentence investigative report.
Before rendering its sentence, the trial court considered various sentencing factors under La. C. Cr. P. art. 894.1. Specifically, the court recognized the following:
• the instant case was Bass’s sixth DWI conviction;
• Bass had previously been admitted to various substance abuse treatment programs, but never completed them;
• Bass completed the 8th grade at age 16 and obtained his GED at age 26;
• Bass knowingly created a risk of death and great bodily harm to others bjr speeding on an interstate highway under the influence of alcohol; and
12* his criminal conduct was the result of circumstances that would likely recur.
So considering, the trial court sentenced Bass as follows: five years at hard labor to run consecutive to any other sentence Bass may be serving and with credit for time served; 30 days of his sentence to be served without benefit of parole[1]; a fine of $2,000.00 plus court costs; seizure and sale at public auction of the vehicle used and driven by Bass in the commission of the offense; and, in the event he is paroled, Bass can only operate vehicles with an ignition interlock device. Bass filed a timely motion to reconsider sentence generally alleging the excessiveness of his sentence, which motion was denied without reasons. This appeal ensued.
Discussion
In his first assignment of error, Bass argues that the trial court erred in imposing a requirement of having an ignition interlock device installed to his vehicle upon being released on parole. Bass states that his sentence is excessive, because the statute under which he was sentenced does not require such a condition, except as an additional condition of probation. The state agrees, urging that the sentence can be corrected on appeal.
Although the trial court may impose certain conditions on a defendant’s probation, it is the Board of Parole which is mandated the power to impose conditions on prisoners being paroled. See La. R.S. 15:574.4. In the specific context of DWI, this court has not held that a trial lacourt is prohibited from imposing conditions on parole. However, we have determined that the trial court is prohibited from ordering a defendant to make restitution as a condition of parole in other scenarios. See State v. Rollins, 32,686 (La. App.2d Cir.12/22/99), 749 So.2d 890 (trial court improperly required the defendant to make restitution for Medicaid fraud when *113 he was released on parole); State v. Jackson, 582 So.2d 915 (La.App. 2d Cir.1991) (trial court improperly required defendant to make restitution for a theft before parole could be considered); State v. Fluitt, 482 So.2d 906 (La.App. 2d Cir.1986) (trial court improperly ordered the defendant to pay restitution as a condition of parole).[2]
Initially, we note that Bass, in his stated assignment of error, misstated the trial court’s order. The trial court’s sentence was not that Bass be required to install an ignition interlock device on his vehicle, but the precise order was that “if you are paroled on this charge the Court orders that you are not to operate a motor vehicle without an ignition interlock device in place on that vehicle.” Whichever characterization by the trial court, we determine that in this particular case it was without authority to impose the use of an ignition interlock device as a condition of Bass’s possible parole. Such a condition is one that is in the power of the Board of Parole to consider and impose in the event of Bass’s parole in the future. Accordingly, the trial court’s order imposing such a condition of parole as part of Bass’s sentence is deleted.
|4In his second assignment of error, Bass argues that the fíne imposed upon him, as well as the seizure and sale of his vehicle, while mandated by statute is constitutionally excessive. Specifically, he argues that those portions of his sentence are constitutionally excessive because he is indigent. We disagree.
The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 2002-0333 (La.04/09/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App.2d Cir.01/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 1995-2784 (La.05/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
In the case of a motion to reconsider sentence, La. C. Cr. P. art. 881.1 precludes the defendant from presenting on appeal sentencing arguments which were not presented to the trial court. In such a circumstance, the defendant is simply relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Masters, 37,967 (La. App.2d Cir.12/17/03), 862 So.2d 1121; State v. Duncan, 30,453 (La.App.2d Cir.02/25/98), 707 So.2d 164. | ^Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.04/06/05), 899 So.2d 733; State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
At the time of Bass’s offense, La. R.S. 14:98, stated as follows, in pertinent part:
*114 D. (l)(a) On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be ftned two thousand dollars. Thirty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. If any portion of the sentence is suspended, the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time equal to the remainder of the sentence of imprisonment, which probation shall commence on the day after the offender’s release from custody.
[[Image here]]
(2)(a) In addition, the court shall order that the vehicle being driven by the offender at the time of the offense shall be seized and impounded, and sold at auction in the same manner and under the same conditions as executions of writ of seizures and sale as provided in Book V, Title II, Chapter 4 of the Code of Civil Procedure. (Emphasis added).
Here, Bass did not raise in his motion to reconsider sentence the specific issue of the mandatory fine and vehicle seizure and sale. He only alleged the general exces-siveness of the sentence; thus the question is whether these portions of his sentence are constitutionally excessive. Considering that this offense, as noted by the trial court, was actually Bass’s | r,sixth DWI conviction, we cannot say that the imposition of the mandatory fine or the seizure and sale of his vehicle shocks the sense of justice, despite Bass’s claim of being indigent. Notably, Bass’s PSI does not indicate any extenuating circumstance, other than his apparent substance abuse, that has caused his indigent circumstances. Considering that both sentences comply with a lawful statutory requirement, we conclude that they are not constitutionally excessive. This assignment of error is without merit.
Conclusion
For the foregoing reasons, we affirm Bass’s conviction. His sentence is amended to delete the requirement of the installation of an ignition interlock devise as a condition of parole; otherwise, his sentence is affirmed.
CONVICTION AFFIRMED; SENTENCE, AS AMENDED, AFFIRMED.

. The trial court failed to order that the thirty days would be served without benefit of probation or suspension of sentence as well, as mandated by La. R.S. 14:98(D)(l)(a). Louisiana R.S. 15:301.1 is self-activating, however, and makes the denial of benefits self-operative.

. Incidentally, the Third Circuit has articulated a widespread prohibition against trial courts imposing any conditions on parole. See, e.g., State v. Bradley, 1999-364 (La.App. 3rd Cir. 11/03/99), 746 So.2d 263.