LOLLEY, J.
| j This criminal appeal arises from the 26th Judicial District Court, Parish of Webster, State of Louisiana. The defendant, Tyrone Hamilton, pled guilty to one count of bank fraud in violation of La. R.S. 14:71.1. He was sentenced to 10 years at hard labor with the condition that he pay restitution to three victims should he ever be paroled. Hamilton appeals his sentence. For the following reasons, his conviction is affirmed, and his sentence is affirmed in part, vacated in part, and remanded for resentencing.
Facts
On November 10, 2009, Hamilton went to Gibsland Bank and Trust (“Gibsland Bank”) in Minden, Louisiana, and cashed a counterfeit check in the amount of $1,432.90. On that same day he also cashed a fraudulent check for $1,299.65 at Citizen’s Bank and Trust (“Citizen’s Bank”), also in Minden. He was subsequently arrested and charged with two counts of bank fraud in violation of La. R.S. 14:71.1. Pursuant to a plea agreement, Hamilton pled guilty to one count of bank fraud against Gibsland Bank. In exchange for his guilty plea, the State dismissed count two regarding Citizen’s Bank and agreed not to file a multiple offender bill for sentence enhancement. The trial court accepted Hamilton’s plea and ordered a presentence investigation report (“PSI”).
After reviewing the PSI, the trial court conducted a sentencing hearing. At the hearing, the trial court noted that Hamilton was a fifth felony offender with extensive juvenile and adult criminal records, including but not limited to: six crimes of violence; possession of a controlled substance; misdemeanor theft; and, burglary. He had been placed on probation numerous times, and |2nearly all had been revoked. The trial court observed that Hamilton had three children, a history of employment, and had completed various rehabilitation programs during past incarcerations. After considering the foregoing information, the trial court found the ag *259 gravating circumstances to be overwhelming, and it sentenced Hamilton to 10 years of imprisonment, the maximum penalty permitted under the statute. In addition to the 10-year sentence, the trial court ordered Hamilton, as a condition of his parole, to make restitution to Gibsland Bank in the amount of $1,432.90, as well as Beverly Williams in the amount of $380.00.[1]
Following his sentencing, Hamilton filed a motion to reconsider sentence citing his age and family. His motion was denied. However, at the hearing on his motion, the trial court amended the original sentence and ordered Hamilton to additionally make restitution to Citizen’s Bank should he ever be paroled. This appeal by Hamilton ensued.
Discussion
On appeal, Hamilton brings three assignments of error, all related to different issues regarding his sentence.

Restitution

In his first assignment of error, Hamilton argues that the trial court erred in ordering restitution as a condition of parole. Specifically, he claims that the trial court lacked the authority to order restitution to Gibsland Bank, Beverly Williams, and Citizen’s Bank as conditions of his parole, because under La. R.S. 15:574.4.2 only the parole board may impose conditions on a prisoner’s | sparole. As such, Hamilton requests that the conditions placed on his parole be removed and the matter remanded for sentencing in accordance with La. C. Cr. P. art. 883.2. The State agrees that the trial court had no authority to order restitution as a condition of parole and does not oppose Hamilton’s request.
A person convicted of bank fraud shall be ordered to make full restitution to the victim and any other person who has suffered a financial loss as a result of the offense. La. R.S. 14:71.1(B); see also La. C. Cr. P. art. 883.2. If he is deemed to be indigent, the court shall order a periodic payment plan consistent with the person’s financial ability. La. R.S. 14:71.1(B). While a trial court may order restitution as a condition of a defendant’s probation, only the parole board may impose such a condition of parole. La. C. Cr. P. art. 895(A)(7); La. R.S. 15:574.4.2(0(1); see also State v. Young, 45,265 (La.App.2d Cir.06/23/10), 42 So.3d 1025; State v. Bass, 43,858 (La.App.2d Cir.01/14/09), 4 So.3d 110. Should the trial court improperly order restitution as a condition of parole, the proper action for the reviewing court is to vacate the order of restitution as a condition of parole and remand for resen-tencing. State v. Young, supra.
As stated, statutory law clearly prohibits a trial court from imposing conditions on a defendant’s parole. Here, the trial court obviously lacked the authority to order restitution as a condition of Hamilton’s parole; thus that part of the sentencing order must be vacated. However, because restitution is mandatory under La. R.S. 14:71.1(B), we cannot merely vacate the trial court’s order, but must also remand the matter for resentencing so that a binding order of restitution may be imposed against Hamilton.
|4In his second assignment of error, Hamilton argues that the trial court erred in ordering any restitution at all to Citizen’s Bank, because the count alleging bank fraud against Citizen’s Bank was not prosecuted. Hamilton claims the trial court had no authority to order restitution to Citizen’s Bank, because he was neither *260 charged for the crime associated with that bank, nor did he agree to make such restitution in his plea agreement. Again, in brief the State agrees with Hamilton’s argument. We agree as well.
As previously stated, under La. R.S. 14:71.1(B) restitution is required to the victim and any other person who has suffered a financial loss as a result of the offense. However, La. C. Cr. P. art. 888.2(B) states, “[I]f the defendant agrees as a term of a plea agreement, the court shall order the defendant to provide restitution to other victims of the defendant’s criminal conduct, although those persons are not the victim of the criminal charge to which the defendant pleads.” That was not the case here.
In this case, Hamilton was convicted and sentenced only on the charge against Gib-sland Bank. Hamilton correctly points out that his charge against Citizen’s Bank was not prosecuted. Obviously, because Hamilton was not convicted of the offense regarding Citizen’s Bank, the trial court could not order Hamilton to make restitution to Citizen’s Bank under La. R.S. 14:71.1(B). However, because he pled guilty to the Gibsland Bank fraud, the trial court may have ordered him to make restitution to other victims had it been part of his plea agreement, as provided under La. C. Cr. P. art. 883.2. That did not happen here: Hamilton’s plea agreement did not include a provision ordering him to make restitution to Citizen’s Bank. Therefore, the trial court erred by ordering him to do so, and that part of Hamilton’s sentence |⅛ vacated.

Excessive Sentence

In his final assignment of error, Hamilton submits that the trial court’s maximum 10-year sentence is excessive. In support of his argument, he cites specific mitigating circumstances, including: his current age; his three children; his completion of various rehabilitation programs; and, the lack of force or violence used during the crime.
Louisiana R.S. 14:71.1 states, in pertinent part:
A. Whoever knowingly executes, or attempts to execute, a scheme or artifice to do any of the following shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than one hundred thousand dollars, or both:
(1) To defraud a financial institution.
(2) To obtain any of the monies, funds, credits, assets, securities, or other property owned by or under the custody or control of a financial institution by means of false or fraudulent pretenses, practices, transactions, representations, or promises.
To determine whether an imposed sentence is excessive, the reviewing court will first examine the record to ascertain if the trial court considered the aggravating and mitigating factors under La. C. Cr. P. art. 894 in determining a factual basis for the sentence imposed. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.03/28/08), 978 So.2d 297. The trial court must consider such factors as a defendant’s personal history, prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.05/15/09), 8 So.3d 581.
| fiSecond, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 *261 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). If the sentence imposed, in light of the harm done to society, shocks the sense of justice, then the sentence imposed is excessive. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
The trial judge has wide discretion in imposing sentences within the statutory limits and in consideration of aggravating and mitigating circumstances. Therefore, a reviewing court considers only whether the trial court abused its discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7.
Maximum sentences are generally reserved for the worst offenses and offenders. State v. Cozzetto, 2007-2031 (La.02/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.02/13/08), 976 So.2d 802. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain. State v. Murray, 46,895 (La.App.2d Cir.01/25/12), 86 So.3d 35.
The trial court is not required to list every aggravating or mitigating |7circumstance so long as the record reflects that it adequately considered the guidelines of the article when imposing a sentence. Here, the trial court sentenced Hamilton to 10 years at hard labor, the maximum period of imprisonment allowed by the statute. Before sentencing, the trial court ordered a PSI on Hamilton, which it obviously reviewed prior to the hearing. In reaching its decision, the trial court took into consideration Hamilton’s criminal history, which included multiple crimes of violence, burglary, and theft charges. The trial court also noted that Hamilton’s probation had been revoked multiple times. Finding these circumstances to be so aggravating as to outweigh any mitigating factors presented on Hamilton’s behalf, the trial court sentenced Hamilton to the maximum penalty permitted under the statute. In this case, as the transcript from the sentencing hearing demonstrates, the trial court considered several of the factors of La. C. Cr. P. art. 894.1 and articulated its reasons for imposing such a sentence. When the crime and punishment are viewed in light of the harm done to society, Hamilton’s sentence is neither grossly disproportionate to the crime committed, nor does it shock the sense of justice. Therefore, the trial court did not abuse its discretion in imposing upon Hamilton a maximum sentence of 10 years, and this assignment is without merit.
Conclusion
For the forgoing reasons, we amend Tyrone Hamilton’s sentences to vacate the order of restitution as a condition of parole, and remand the case for resentencing in accordance with La. R.S. 14:71.1(B) and La. C. Cr. P. art. 883.2. In all other respects, the conviction and sentence are affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART, ^VACATED IN PART AND REMANDED FOR RESENTENCING.

. Williams was the bank teller at Gibsland Bank to whom Hamilton presented the fraudulent check. Restitution to her was compensation for the time she lost from work.