Judgment rendered November 15, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,355-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

JERRY GLENDON MODISETTE               Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 240,920

Honorable Douglas M. Stinson, Judge

* * * * *

LOUISIANA APPELLATE PROJECT           Counsel for Appellant
By:  Paula Corley Marx

J. SCHUYLER MARVIN                     Counsel for Appellee
District Attorney

RICHARD R. RAY
CODY A. BOYD
Assistant District Attorneys

* * * * *

Before STEPHENS, THOMPSON, and HUNTER, JJ.

**THOMPSON, J.**

Jerry Glendon Modisette was charged with bank fraud, and his attorney and the prosecutor discussed referring him to participate in a drug court program due to his longstanding underlying drug addiction. There were also initial discussions between the prosecutor and defense counsel regarding the possibility of a joint recommendation to the court of a one-year hard labor sentence in the event Modisette failed to complete or was expelled from the program. No such final agreement was ever consummated, and the trial court did not agree to any such limitations should it have to sentence Modisette.

Modisette pled guilty as charged to bank fraud and was referred to screening for participating in drug court, but he was subsequently rejected from participating due to a prior weapons conviction. When he returned to court for sentencing, the trial court imposed a five-year hard labor sentence, which is a midrange sentence for bank fraud. The trial court also recommended the defendant for participation in any drug treatment programs available through the Department of Corrections while he served his sentence. Modisette now objects to the midrange sentence imposed by the trial court. As more fully discussed below, we find that the defendant's five-year sentence is not constitutionally excessive and do hereby affirm his sentence. However, the matter is remanded so that the trial court can order restitution, as mandated by La. R.S. 14.71.1(B), and provide notice of appeal delays to the defendant.

## FACTS AND PROCEDURAL HISTORY

On November 24, 2021, the State of Louisiana filed a bill of information alleging that Modisette committed bank fraud on August 6,

2021, resulting in a loss to the bank in the amount of $5,392, in violation of La. R.S. 14:71.1. Modisette initially entered a plea of not guilty to those charges. Subsequently, on June 27, 2022, a hearing was held at which Modisette entered a guilty plea, and the record reflects the following statements between the trial court, Modisette's defense counsel, and the State:

> Defense Counsel: Your Honor, we have an agreed on upon [sic] disposition in this case that Mr. Modisette would plead guilty to one count of bank fraud. He'd be sentenced to Drug Court and if he does not complete Drug Court or if he fails to do so he's to be sentenced to one year hard labor and I think that might be entered as one year hard labor, suspended with Drug Court being considered his probation.
>
> The Court: Well, I think typically—Mr. Modisette, you need to listen. You're being referred to Drug Court and the one year that's up to the judge if he fails to complete Drug Court. So, I mean, if he's being referred to Drug Court that's up to him to complete it. If he doesn't, he'll be sentenced at a later date. You understand, Mr. Goins?
>
> Defense Counsel: Yes, Your Honor.
>
> The Court: Okay.
>
> Assistant District Attorney: Your Honor, we didn't know if-if you would, if you would've liked an agreed upon sentence before being referred to Drug Court instead of after.
>
> The Court: I think my position is, is the agreed upon sentence is Drug Court and if he fails to complete then it'll be up to the Court at that time unless y'all come to an agreement at a later date.

The trial court further clarified, stating "my understand[ing] is you're being referred to Drug Court and but I need to make sure that you're pleading guilty not just to go to Drug Court, but because you are guilty?" Modisette affirmed that he is guilty, and then pled guilty to the charge. The trial court stated, "Mr. Modisette, it's actually your sentence is being deferred because you're being referred to the Drug Court Program. And so

not necessarily sentencing you today. If you complete that program the reward is that you get to withdraw your guilty plea and this conviction will be set aside. If you don't complete the program you'll be sentenced at a later date."

Modisette was not accepted into drug court because he was not qualified to participate due to a prior conviction involving a weapon. On August 25, 2022, Modisette returned to the trial court, and the assistant district attorney asked the court to order a presentence investigation ("PSI"). Both parties agreed to discuss an agreed upon sentence for the trial court to take into consideration.

On December 5, 2022, the parties reported to the trial court that they were unable to come to an agreement regarding sentencing. After reviewing the PSI, the trial court, making note of the aggravating and mitigating sentencing considerations as set forth in La. C. Cr. P. Art. 894.1, noted Modisette's extensive criminal history and that he was a fifth felony offender. His previous offenses include, but are not limited to, assault with a deadly weapon, larceny, carrying a firearm during a drug trafficking offense, and possession with intent to distribute cocaine. The trial court also discussed his educational and family history, noting that he has three children. The court noted that the bank fraud statute carries a potential prison sentence, with or without hard labor, for not more than ten years, and a potential fine of not more than one hundred thousand dollars.

After considering all relevant sentencing factors, the court then sentenced Modisette to five years at hard labor, with credit for time served, noting that this is the middle of the sentencing range for this offense. The trial court further recommended that any programs regarding drug treatment

3

available through the Department of Corrections be made available to him. Modisette filed a motion to reconsider on January 6, 2023, which was denied by the trial court. This appeal followed, with Modisette raising only one assignment of error, that his midrange sentence was excessive.

**DISCUSSION**

Modisette contends that prior to his guilty plea, he and the State had contemplated a guilty plea with a one-year sentence, suspended, and drug court as probation. Modisette asserts that because the State did not question the appropriateness of a one-year sentence, the one-year sentence is appropriate here. He argues that although the five years is the midrange of the possible ten-year sentence on this charge, it is excessive because of mitigating factors, specifically his need and desire for drug treatment. He states that the trial court failed to sufficiently consider mitigating factors, including that he pled guilty with an agreement to go to drug court. He argues that the court instead focused on his criminal history but notes that this crime was not one of violence and no dangerous weapon was used.

The State argues that the trial court more than adequately considered Article 894.1 and particularized the sentence to him, specifically noting that Modisette was a fifth felony offender. The State contends there was no abuse of discretion in imposing the midrange sentence by the trial court. The court referenced the PSI and noted Modisette's criminal history, personal life, background, education, employment, and family history, indicating a contemplative review by the trial court of all relevant information for consideration in imposing its sentence.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P.

4

art. 894.1, and whether the sentence is constitutionally excessive. *State v. Dowles*, 54483 (La. App. 2 Cir. 5/25/22), 339 So. 3d 749; *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance, so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Croskey*, 53,505 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1151. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *Dowles*, *supra*. There is no requirement that specific matters be given any particular weight at sentencing. *Dowles*, *supra*. The record clearly indicates the trial court took each of these elements into consideration in reaching its final decision on sentencing for Modisette.

Second, the court must determine whether the sentence is constitutionally excessive. *Id.* Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are viewed in

5

light of the harm to society, it shocks the sense of justice. *Id.*; *State v. Baker*, 51,933 (La. App. 2 Cir. 4/11/18), 247 So. 3d 990, *writ denied*, 18-0858 (La. 12/3/18), 257 So. 3d 195, and *writ denied*, 18-0833 (La. 12/3/18), 257 So. 3d 196.

The trial court has wide discretion in the imposition of sentences within the statutory limits, and sentences should not be set aside as excessive in the absence of manifest abuse of discretion. *Dowles*, *supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *Id.* Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Id.*

La. R.S. 14:71.1(A) provides that whoever knowingly executes, or attempts to execute, a scheme or artifice to do any of the following shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than one hundred thousand dollars, or both: (1) to defraud a financial institution or (2) to obtain any of the monies, funds, credits, assets, securities, or other property owned by or under the custody or control of a financial institution by means of false or fraudulent pretenses, practices, transaction, representations, or promises.

In this case, Modisette pled guilty to the charge of bank fraud. While the record reflects that the State and defense counsel originally considered agreeing to a possible joint recommendation of a one-year hard labor term if Modisette was unable to complete drug court, it is clear from the record that there was no sentencing agreement prior to his guilty plea and he has not argued such in his brief to this Court. The trial court was clear with all

6

parties that Modisette would not be sentenced unless or until he was unable to complete drug court. The benefits of successfully completing a drug court program are significant. Here, when Modisette was not accepted to drug court due to a prior crime involving a weapon, he was not entitled to the benefits of completion, and the trial court ordered a PSI and gave the parties an opportunity to come to an agreement on a sentencing recommendation.

The record reflects that the trial court considered the facts provided in the PSI report, including his criminal history, family, and educational background. The trial court satisfied the important sentencing considerations set forth in La. C. Cr. P. art. 894.1. The sentence imposed is in the middle of the range for bank fraud and does not shock the sense of justice, nor is it a needless infliction of pain and suffering. Here, the record supports the sentence, and there is no indication whatsoever that it is excessive. Therefore, Modisette's assignment of error is without merit.

**ERRORS PATENT**

A review of the record reveals the following errors patent. La. R.S. 14.71.1(B) states that a person convicted of bank fraud shall be ordered to make full restitution to the victim and any other person who has suffered a financial loss as a result of the offense. If he is deemed to be indigent, the court shall order a periodic payment plan consistent with the person's financial ability. *Id.* The record reflects that the trial court failed to order a binding order of restitution against Modisette, as is required by La. R.S. 14:71.1(B). This restitution is mandatory. *State v. Hamilton*, 47,773 (La. App. 2 Cir. 2/27/13), 110 So. 3d 256. As such, we must remand this matter to the trial court to determine whether Modisette is indigent and issue a binding order of restitution pursuant to La. R.S. 14:71.1.

7

A further review of the record reveals that the trial court failed to advise Modisette of the deadlines to seek post-conviction relief. La. C. Cr. P. art. 930.8 provides that a defendant has two years from the date his "judgment of conviction and sentence become final" in which to seek post-conviction relief. Modisette's case is being remanded for mandatory restitution. At the time this correction is being made, the trial court should correct the record and advise Modisette that he has two years from the date of his conviction and sentence become final to seek post-conviction relief.

## CONCLUSION

For the foregoing reasons, the sentence of Jerry G. Modisette is affirmed. This matter is remanded for imposition of a binding order of restitution, as mandated in La. R.S. 14:71.1(B), and the trial court is instructed to advise defendant that he has two years from the date his conviction and sentence become final to seek post-conviction relief.

**SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.**